UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

LEADING EDGE NOVELTY, INC. and            Case No.
TSAN-YAO CHEN,

    Plaintiffs,

v.

MIDWEST TRADING GROUP, INC.,

    Defendant.

**COMPLAINT**
**INJUNCTIVE RELIEF DEMANDED**
**DEMAND FOR JURY TRIAL**

Plaintiffs, LEADING EDGE NOVELTY, INC. and TSAN-YAO CHEN, sue Defendant MIDWEST TRADING GROUP, INC., and state the following in support thereof:

## I. NATURE OF THE ACTION

1. This action is for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.*, to enjoin and obtain damages resulting from Defendant's unauthorized manufacture, use, sale, offer to sell and/or importation into the United States for subsequent use or sale of products, methods, processes, services and/or systems that infringe one or more claims of United States Patent No. 7,617,624 entitled "Musical Water Tank." Plaintiffs seek injunctive relief to prevent Defendant from continuing to infringe Plaintiffs' patent and recovery of monetary damages resulting from Defendant's past infringement of the patent.

## II. JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1338(a).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(b) because (a) Defendant resides in this judicial district and division and/or (b) and the acts complained of occurred within this judicial district and division, and/or (c) Defendant has committed acts of infringement within this judicial district and division and has a regular and established place of business within this judicial district and division.

4. The activities of Defendant as alleged in this Complaint occurred in interstate commerce within the United States and within this judicial district.

5. Defendant is subject to personal jurisdiction in Florida because Defendant has solicited, transacted and done business within this judicial district. In addition, Defendant's unlawful conduct has taken place within this judicial district. Furthermore, jurisdiction over the Defendant will not offend traditional notions of fair play and substantial justice.

## III. PARTIES

6. Leading Edge Novelty, Inc. ("LEN") is a New York corporation with offices in Nassau County, New York and Palm Beach County, Florida.

7. Tsan-Yao Chen ("Chen") is an individual who resides in Taipei City, Taiwan.

8. MIDWEST TRADING GROUP, INC. ("Midwest") is an Illinois corporation having a place of business at 905 S. Westwood Ave., Addison, Illinois 60101. Midwest has committed acts of infringement within this judicial district and division.

## IV. FACTS

9. Prior to November 17, 2009, Chen invented a musical water tank.

10. Chen's idea combines audio speakers designed to be used with computers, MP3 players, and other devices with a colored light show whereby clear liquid encased in a transparent container "dances" to the beat of the music playing through the speakers.

11. The combination of musical sound and lighting effects produced by Chen's idea delivers a unique and attractive experience to consumers over traditional speakers.

12. Chen applied for and obtained United States Patent No. 7,617,624 entitled "Musical Water Tank" (the "'624 Patent"). A true and correct copy of the '624 Patent is attached hereto as Exhibit A.

13. LEN is an innovative marketer and distributor of novelty products. Since 2012, LEN has been marketing and distributing unique novelty products under license from Chen known as water dancing speakers that practice the claims in the '624 Patent.

14. All the water dancing speaker products marketed and distributed by LEN have been sold in packaging prominently marked with the '624 Patent. Attached hereto as Exhibit B is an image of the packaging for LEADING EDGE WATER DANCING SPEAKERS showing the prominent marking indicating that LEN's product is manufactured under the '624 Patent.

15. LEN is one of only a few marketers and distributors in the U.S. licensed to sell products protected by the '624 Patent.

16. Chen has granted LEN an exclusive license to prosecute all past, present and future infringements of the '624 Patent.

17. Defendant is engaged in the business of importing, making, using, offering to sell, and selling consumer novelty products.

18. Among the products that defendant imports, makes, uses, offers to sell and sells are water dancing speakers.

19. Midwest has imported into the United States for distribution a water dancing speaker product under the Soundlogic brand called Soundlogic Bluetooth Dancing Water Lights Stereo Speakers.

20. Midwest has offered to sell and sold Soundlogic Bluetooth Dancing Water Lights Stereo Speakers as shown in Exhibit C attached hereto.

21. The water dancing speaker products the Defendant imports, makes, uses, offers to sell and sells, including but not limited to Soundlogic Bluetooth Dancing Water Lights Stereo Speakers infringe one or more claims of the '624 Patent.

22. Plaintiff LEN purchased Midwest's Soundlogic Bluetooth Dancing Water Lights Stereo Speakers online for delivery to an address in the Palm Beach County division of the Southern District of Florida

23. At all times during which Defendant imported, made, used, offered to sell and sold water dancing speaker products that infringe one or more claims of the '624 Patent, Defendant had knowledge of the '624 Patent.

24. Plaintiffs have been irreparably harmed by Defendant's infringement of their valuable patent rights.

25. Defendant's unauthorized, infringing use of Plaintiffs' patented musical water tank has threatened the value of their intellectual property because Defendant's conduct results in Plaintiffs' loss of its lawful patent rights to exclude others from importing, making, using, selling, offering to sell and/or importing the patented inventions.

26. Defendant's disregard for Plaintiffs' property rights similarly threatens Plaintiffs' relationships with potential licensees of this intellectual property.

27. Defendant will derive a competitive advantage from using Plaintiffs' patented technology without paying compensation for such use.

28. Unless and until Defendant's continued acts of infringement are enjoined, Plaintiffs will suffer further irreparable harm for which there is no adequate remedy at law.

29. Plaintiffs have engaged the undersigned attorneys and agreed to pay them a reasonable fee.

## COUNT I –PATENT INFRINGEMENT

30. Plaintiffs repeat and re-allege the allegations of paragraphs 1 through 29 as though fully set forth herein.

31. This is a count for literal patent infringement under the laws of the United States against Defendants.

32. Defendant makes, uses, sells, offers to sell and/or imports into the United States for subsequent sale or use products, services, methods or processes that directly infringe, or which employ systems, components and/or steps that make use of other systems or processes that directly infringe, at least claim 1 of the '624 Patent.

33. Defendant has been and continues to infringe one or more of the claims of the '624 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.

34. Defendant's wrongful conduct has caused Plaintiffs to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

35. Defendant's infringement has been willful, deliberate and with knowledge of Plaintiffs' rights under the '624 Patent, and unless Defendant is enjoined by this Court, such acts of willful infringement will continue. Therefore, Plaintiffs are without adequate remedy at law.

36. Plaintiffs are entitled to recover damages adequate to compensate for the infringement of the '624 Patent, as well as additional damages for willful infringement.

## **PRAYER FOR RELIEF**

WHEREFORE, LEN and CHEN demand judgment and relief against MIDWEST TRADING GROUP, INC. and respectfully requests that this Court:

A. Such damages as Plaintiffs may have suffered but in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284;

B. A finding of willful infringement and an enhancement of damages;

C. A determination that this is an exceptional case;

D. An injunction preliminarily and permanently enjoining infringement;

E. An award to Plaintiffs of their attorneys' fees under 35 U.S.C. § 285;

F. An award to Plaintiffs of their costs; and

G. Such other and further relief as to the Court appears just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all claims so triable.

DATED: December 1, 2014

                              Respectfully submitted,

                              Schneider Rothman Intellectual Property Law Group PLLC
                              Counsel for Plaintiffs
                              4651 N. Federal Hwy
                              Boca Raton, FL 33431
                              561-404-4350
                              Fax: 561-404-4353

By: _____/s/ Joel B. Rothman_____
                              Joel B. Rothman
                              joel.rothman@sriplaw.com
                              Florida Bar No. 98220
                              Jerold I. Schneider
                              jerold.schneider@sriplaw.com
                              Florida Bar No. 26975